United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10170
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL HERNANDEZ-SIMENTAL,
also known as Raul Hernandez-Simental,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:02-CR-34-1-C
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Hernandez-Simental appeals his guilty-plea conviction and sentence for violating 8 U.S.C. § 1326(a) and (b) by being found in the United States, without permission, following his conviction of an aggravated felony and subsequent deportation. For the first time on appeal, Hernandez-Simental argues that 8 U.S.C. § 1326(b) is unconstitutional because it does not require the fact of a prior felony or aggravated felony

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction to be treated as an element of the offense, charged in the indictment, and proved beyond a reasonable doubt.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Hernandez-Simental acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

In lieu of filing an appellee's brief, the Government has filed a motion to dismiss the appeal, for summary affirmance, or alternatively, for an extension of time to submit an appellee's brief. The Government's request for a summary affirmance is GRANTED. The Government need not file an appellee's brief.

AFFIRMED.